**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE ALDERMAN, | No. 17-35022 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00618-TSZ |
| v. | |
| MARGARET GILBERT, Superintendent of Stafford Creek Correctional Center, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted April 10, 2018
Seattle, Washington

Before: TASHIMA and GRABER, Circuit Judges, and MIHM,** District Judge.

Jesse Alderman appeals the denial of his habeas petition under 28 U.S.C.

§ 2254. Petitioner was convicted by jury in the Superior Court of Washington for

Snohomish County of one count of first-degree rape of a child and two counts of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

first-degree child molestation. The district court granted a certificate of appealability on Petitioner's claim that his trial counsel rendered ineffective assistance of counsel by failing to request a lesser included offense instruction for attempted rape of a child. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's judgment de novo, *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), and we affirm.

Under the Antiterrorism and Effective Death Penalty Act, we may not grant habeas relief unless the state court's adjudication of the claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We cannot conclude that the state court's adjudication was in error.

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When it is clear that a petitioner cannot show the requisite prejudice, we need not delve into the alleged performance deficiencies. *Id*. at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 (9th Cir. 1995).

We first assume, without deciding, that counsel's performance was deficient

for failure to request an instruction on attempted child rape (on the ground that some affirmative evidence would have supported such an instruction). However, while the Washington Court of Appeals only addressed the first prong of the Strickland test, Petitioner is unable to demonstrate prejudice. Petitioner was convicted of one count of first-degree rape of a child and two counts of first-degree child molestation. The jury acquitted Petitioner on a third count of child molestation. Inclusion of such an instruction on attempted rape would likely have no effect on the outcome of the case because it would have been prejudicial to Petitioner's best arguments to the jury, and be inconsistent with his denial of the charges. The Petitioner is unable to show a substantial likelihood the verdict would have been different.

The judgment of the district court is **AFFIRMED**.

17-35022